## FIRESTONE T. & R. CO. v. KLINE et al

### No. 291.

District Court, S. D. Mississippi.
Sept. 9, 1946.

Affirmed in 161 F.2d 185.

Dent, Robinson & Ward, of Vicksburg, Miss., for plaintiff.

Brunini, & Brunini, of Vicksburg, Miss., for defendants Bernard Pearl and Henry Kline.

Vollor & Teller, of Vicksburg, Miss., for defendant David B. Fried.

MIZE, District Judge.

I have considered the briefs and affidavits including the one of Mr. L. M. Dever of July 25th and filed Aug. 1st, on the motions for summary judgment and have reached the conclusion that the defendants are entitled to a summary judgment and that their motions should be sustained. I do this solely on the theory that plaintiff with full knowledge of all the facts ratified the lease with Fried when it subleased from him. Up until that time plaintiff had the right to demand a lease for itself and to enforce that demand by a bill for specific performance, but the plaintiff has not at any time bound itself to Kline and Pearl under a new lease within the time allowed. It now could withdraw its bill and Kline and Pearl could not hold it to a new lease.

If plaintiff had not entered into a lease with Fried, it could have at any time filed its bill prior to April 30th for specific performance, and that would have been sustained, but it waived that and elected to sublease from Fried. I think this was ratification. 17 C.J.S., Contracts, § 492, page 995 et seq.; Koenig v. Calcote et al., Miss., 25 So.2d 763.

The last affidavit of Mr. Dever only confirms this. He knew November 27th so he states that it was to be leased and he told Kline he would accept the lease for three to five years, but this was not binding because not in writing. Thereafter with full knowledge of all the facts plaintiff subleases from Fried. This is ratification.

An order may be drawn accordingly and also a finding of fact and conclusion of law may be drawn in accord herewith and submitted to me for signature. In the finding of fact I think all the correspondence should be set out as well as the contents of the verbal conversations.

I. Findings of Fact By the Court.

The Court finds that the material facts set forth in the Motion for Summary Judgment by the defendants, Kline and Pearl, and the Motion for Summary Judgment by the defendant, David B. Fried, and the Answer to said Motions by the complainant, Firestone Tire and Rubber Company, and the facts as stated in the affidavits of the defendants and the affidavit of the complainant are undisputed. These facts are as follows:

1. Under date of March 18, 1943, the defendants, Kline and Pearl, entered into a lease contract with the complainant, hereinafter for convenience referred to as the Firestone Company. The renewal option in this lease, set forth at Item 23 thereof, was availed of and the lease continued in force from its expiration date of April 30, 1944, to the 1st day of May, 1945, at a rental of $125 per month. At Item 25 of the lease there was the following provisions: "First Refusal To Re-Lease. During Lessee's tenancy under this lease, or its renewal or extension, Lessee shall have first refusal option to renew this lease upon the same terms and conditions as contained in any acceptable bona fide offer Lessor may receive. Lessee shall have ten days after receipt from Lessor of written notice of such offer (with complete details) within which time to exercise said option."

At Item 28 of said lease the same provides: "Notices. Any notice to Lessor provided for herein shall be deemed to have been served when such notice addressed to Lessor has been delivered at the place where the rent shall have last been accepted prior to such notice. Any notice to Lessee as provided for herein shall be deemed to have been served when delivered to the Real Estate Department of The Firestone Tire & Rubber Company, 1200 Firestone Parkway, Akron, Ohio."

2. During the one year period that the lease was renewed, the following transpired:

(a) On July 11, 1945, the Firestone Company, through its District Manager, wrote to the defendant, Kline, as follows:

"You will recall that I contacted you at your store in Anguilla on March 7th, with reference to an extension of the lease on the property that we now occupy at 1412 Washington St., Vicksburg, Miss., and also to advise of our intention of exercising our option of one year renewal.

"At that time you stated you would not consider a renewal of the lease under the present basis, due to the fact that you contemplated selling this property, and I am wondering at this time if you have completed the transaction or just what the present status is. Naturally, we are interested in making our future plans in Vicksburg, and we are unable to make any permanent plans under a temporary lease agreement. I am wondering if you would be interested on a five or ten year lease basis, and if so, you might make a rental proposal.

"At any rate, I would appreciate hearing from you by return mail the present status of the property in order that we may be able to formulate our plans for our future in Vicksburg."

(b) To this letter from the Firestone Company Mr. Kline, on behalf of himself

and the defendant, Pearl, under date of July 16, 1945, replied:

"I have yours of the 11th. in reference to the Store Building in Vicksburg.

"We have not yet had a satisfactory offer for the buildings, and it may be that we will not have any for the time being. However we would like to wait say two or three months before we offer the buildings for release.

"If you care to wait a while longer we would be glad to offer you the two buildings, or the building you now occupy."

(c) On August 23, 1945, the District Manager of the Firestone Company wrote to Mr. Kline as follows:

"Have not heard from you since July 16th, with reference to your property, which we now occupy at Vicksburg, Mississippi.

"Since the war is now over, we naturally are begining to think of permanency, and I am sure you are also. I would appreciate your writing me making a rental proposal on a three or five year basis on the same property which we occupy. If you are not in a position to do this, I would appreciate your advising also, in order that we may pursue other leads that have been offered in the City of Vicksburg. Frankly, we are not interested in moving particularly, unless your proposal is so far out-of-line that it will require us to move."

(d) To this letter of said August 23d Mr. Kline replied under date of August 29, 1945, as follows:

"I have yours of the 23rd. and in reply will say we will be glad to continue leasing you the building you now occupy for a term of five years for $250.00 per month.

"This is in line with what other buildings in the same block is bringing at this time, of course you know that the rent you are now paying is just about enough to pay taxes on the building.

"Shall be glad to hear from you."

(e) Thereafter, under date of September 18, 1945, Mr. Kline wired the District Manager of the Firestone Company as follows:

"On August 29th. we wrote you offering to lease the Vicksburg store to you. Please wire to-day your decision."

(f) Under date of September 19, 1945, the District Manager of said Firestone Company wired to Mr. Kline, the original of the wire being misplaced or lost, but same simply contained a statement that his proposal was in the hands of the Akron office of the complainant.

(g) Under date of September 22, 1945, Mr. Kline wrote the District Manager of the Firestone Company as follows:

"I have your telegram of the 19th. advising me that the rental proposition of the Store in Vicksburg, is now in the hands of your real estate Department and you asked them to let me hear from them.

"Just at this time we have a very good chance to lease both buildings to one concern for a long time, I am therefore very anxious to know what your folks expect to do about the store.

"Please let me hear from you."

(h) Receiving no reply, Mr. Kline on September 24, 1945, wired the District Manager of the Firestone Company as follows:

"Must have acceptance or rejection of my offer on Vicksburg store to-day."

(i) Under date of September 25, 1945, the District Manager of the Firestone Company called Mr. Kline by long distance from Memphis, Tennessee, advising that the Firestone Company would pay no more than $175 per month for a five year lease on the building it was then occupying in the City of Vicksburg, Mississippi.

(j) Under date of October 3, 1945, the District Manager of said Firestone Company wrote to the defendant, Kline, sending copies of his communication to Mr. R. C. Firestone of Akron, Ohio, and others, the letter of said October 3d being as follows:

"With reference to our phone conversation of September 25th, in which you stated that you had a prospect to lease your building, and you required us to give you refusal or rejection on that date.

"Will you please advise by return mail if you have definitely leased the property

to become effective at the expiration of our present lease."

(k) Mr. Kline was on October 3, 1945, ill and did not reply to said letter of October 3d until date of October 24, 1945, the reply of said defendant, Kline, to the said District Manager being as follows:

"On my return to my home after spending more than three weeks in a Hospital in Vicksburg, I found your letter of October the 3rd.

"In reply to same will say, while we have several parties wating till I am able to return to my place of business we have not at this time leased the building you are in, and if not too late I shall be glad to hear from you.

"Kindly advise me as soon as you can to my residence 2322 Cherry St., Vicksburg, Miss. whether you folks are still interested in the building, in order that I may know what to do on my return to my place of business which I hope to be before long."

(1) Under date of November 6, 1945, the said District Manager replied to the defendant, Kline, as follows:

"Upon my return to the office this date, I find your letter of October 24th

"I have again submitted your proposal to the Company. However, it is very doubtful in my mind that they will consider it, as they previously were quite definite.

"I do believe, however, that they would consider a $200. rental figure on a long term lease, and I feel that due to our assured permanency that you would be ahead over a period of time on this basis. I would like to have your reaction."

(m) Thereafter, and on date of November 14, 1945, Mr. Kline wrote the said District Manager as follows:

"I have yours of the 6th. inst. addressed to me to Vicksburg, for which I thank you.

"I am sorry we will not be able to get together with your folks this time."

(n) Theretofore, and on or about August 15, 1945, the defendant, Fried, had approached the defendant, Kline, with regard to a lease on the premises at 1412 Washington Street in Vicksburg, Mississippi, then occupied by the Firestone Company, and had told the defendant, Kline, that he would take a five year lease on said premises at $250 per month, to commence at the expiration of the Firestone Company's lease, which was May 1, 1946; that the defendant, Kline, told the defendant, Fried, that he would give him such a lease provided the Firestone Company did not want such a lease on those terms; that, as shown, on August 29, 1945, Mr. Kline did offer the Firestone Company a five year lease for $250 per month, and that was the only proposal which Mr. Kline ever discussed with the Firestone Company for a lease on said building; that about the middle or toward the latter part of November, 1945, the defendant, Kline, advised Mr. Fried that the Firestone Company did not wish the lease on the terms of Mr. Fried's offer and that he, the defendant, Fried, would be given the lease; that accordingly, under date of November 30, 1945, a lease agreement was executed between the defendants, Kline and Pearl, as lessors, and the defendant, Fried, as lessee, a true copy of said agreement being attached to the Motions of the defendants.

(o) That on November 27, 1945, according to the affidavit of Mr. Dever, the said District Manager of the Firestone Company, Mr. Kline was contacted by telephone and an oral offer by said District Manager made to Mr. Kline to continue to lease the premises for a period from three to five years at a monthly rental of $250, at which time according to the affidavit of the said District Manager, Mr. Kline advised that on the previous day he had leased the premises to a Vicksburg merchant.

(p) That soon thereafter, and in December, 1945, the exact date not being specified, the said District Manager, Dever, accompanied by the local manager of the said Firestone Company, a Mr. Wright, called at the place of business of the defendant, Fried, the then lessee from Mr. Kline, advising Mr. Fried that they knew he had a five year lease on the premises then occupied by the Firestone Company, which lease was to commence May 1, 1946, and call for a monthly rental of $250, payable in advance; that the Firestone Company would like to sublet the premises from and after May 1,

1946, from Mr. Fried, and a definite oral agreement was then made between the defendant, Fried, as a sub-lessor and the Firestore Company, as sub-lessee. The exact terms of said oral agreement, then consummated in December, 1945, later appears herein, as confirmed by letter from Mr. Fried under date of January 17, 1946, and reply thereto of the said District Manager under date of January 26, 1946, hereinafter quoted.

(q) That under date of December 31, 1945, the Real Estate Department of the Firestone Company addressed a letter to the defendants, Pearl and Kline, reading as follows:

"We are occupying the above premises under lease dated March 18, 1943, together with our notice exercising option dated March 27, 1945.

"We have been apprised by our Memphis District Office of their negotiations with you relative to the renewal of our lease and that you have entered into a written contract with Mr. *Sam Fried* of Vicksburg, whereby you have leased the premises to him. Under the terms of said lease you were obligated in Section 25 to extend to us first refusal option to renew our lease upon the same terms and conditions as contained in any acceptable bonafide offer which you may have received. The lease also specifies that all written notices to lease shall be deemed to have been served when delivered to the Real Estate Department of The Firestone Tire & Rubber Company, 1200 Firestone Parkway, Akron, Ohio.

"We are desirous of continuing in possession of these premises and we must call upon you to abide by the terms of the lease and extend to us the rights to which we are entitled thereunder.

"Mr. Dever has reported to us that you are of the opinion that you have fulfilled your obligation relative to placing us on notice concerning the acceptable bonafide offer which you have received from Mr. Fried. Your negotiations were entirely with our Memphis Office but even had they been with us direct here in Akron we feel that at no time would we have been placed on notice relative to a bonafide acceptable offer with complete details as specified under the lease. Your exchange of correspondence with our Memphis Office is purely one of negotiating on the renewal of the lease and at no time did you apprise Memphis that you had an acceptable notice as required by our lease, but in any event we intend to rest upon the terms of our lease as specified in Section 28 relative to notices being sent to Akron.

"Our relationship of landlord and tenant has been a very cordial one and we regret that we must insist upon retaining the option right as specified in said Section 25."

(r) To this letter of December 31, 1945, the attorneys for Messrs. Kline and Pearl, Messrs. Brunini & Brunini, under date of January 8, 1946, replied as follows:

"Mr. Henry Kline has referred to us your letter of *December 31st* together with copies of all correspondence, and a copy of the lease above mentioned.

"In view of the correspondence between your company and Mr. Kline, we are somewhat surprised at your conclusions reached in your letter of December 31st, 1945. Mr. Kline feels, as well as ourselves, that Section 28 of the lease has been complied with because of a number of reasons. First, this section states that notice shall be deemed to have been served when delivered to the real estate department of the Firestone Tire & Rubber Company, 1200 Firestone Parkway, Akron, Ohio, but does not make any requirement that notice *must* be given at this address. Second, The communications clearly show that the real estate department of the Firestone Tire & Rubber Company at the address indicated in Section 28 was notified of the transactions as they transpired. Third, I. M. Dever, the district manager of the Firestone Tire & Rubber Company was acting within the scope of his authority and notice to him of the transactions was sufficient.

"We feel that Section 25 of the lease has also been fully and substantially complied with as the correspondence indicates.

"We also feel that your actions would estop you from claiming any benefit under Sections 25 and 28."

(s) Under date of January 17, 1946, in confirmation of the oral agreement of lease

between Fried and the Firestone Company made in December, 1945, Mr. Fried wrote to the District Manager of said Firestone Company as follows:

"Referring to our conversation when you and Mr. Wright were in my office last December, relative to the building occupied by the Firestone Stores in Vicksburg, on which I hold the lease to commence May 1st, 1946, this will confirm our agreement:

"1. The Firestone Company subleases said premises from me, on a month-to-month basis, at a rental of $250.00 per month, payable in advance, starting May 1, 1946.

"2. This agreement may be canceled or terminated at any time, by either party, upon due notice to the other party, not less than 30 days before date of termination.

"As stated to you at that time, the lease on the building occupied by me for my own business runs until October 1, 1946, and I see no reason now why I should disturb Firestone until such time as I might require the building for myself.

"Am trying to have my lease extended and if successful advise you, and no doubt we can then enter into a more permanent arrangement."

(t) Under date of January 25, 1946, the Real Estate Department of the Firestone Company wrote to Messrs. Brunini & Brunini, as attorneys for the defendants, Kline and Pearl, as follows:

"We have your letter of January 8 and we are sorry that we cannot agree with your contention that our Company had been advised of the terms and conditions, with complete details, of any bona fide acceptable offer that our lessors had received and we still have not yet been so advised.

"We were told by Mr. Kline that he would be willing to lease to us for a term of three to five years at $250 per month, but that was in no sense any notice to us of the terms and conditions of a bona fide offer from another tenant which he was ready to accept.

"We reiterate our insistence that we be advised now of all details of the bona fide offer which we now understand was acceptable to our lessors."

(u) With the facts being as afore-stated, under date of January 26, 1946, the said District Manager, in writing, confirmed the agreement of the Firestone Company as sub-lessee from Mr. Fried, his said letter of January 26th to Mr. Fried, on behalf of said Firestone Company, being as follows:

"Thank you very much for your letter of January 17th, confirming our conversation on the lease covering the property which we now occupy.

"Naturally, we are very anxious to get settled on a permanent basis, and I would appreciate it greatly if you would let me know just as quickly as you have your lease settled one way or the other, in order that we may make our plans accordingly.

"You will recall during our conversation you advised your landlord stated he would give you an answer immediately after the first of the year. I am sure you are just as anxious to get this settled as we are, and I would appreciate word from you as soon as possible."

(v) Under date of February 1, 1946, the defendant, Fried, replied to the District Manager of the Firestone Company as follows:

"In reply to your letter January 26th, am sorry that I cannot give you any more definite information at this time.

"Have had several conversations with the owners of the building in which I am now operating my business, but they have given me no further answer. Am in hopes, however, of working out something with them.

"Just as soon as I have anything more definite will communicate with you."

(w) Under date of February 28, 1946, the attorneys for Messrs. Kline and Pearl responded to the letter from the Real Estate Department of the Firestone Company dated January 25, 1946, as aforesaid, the said letter of February 28th reading as follows:

"We are in receipt of your letter of January 25th.

"Our position remains now as in the past —that we have complied with all of the conditions of the above mentioned lease.

"This is to give you notice that the Lessor in said lease hereby expects and demands that your Company vacate the demised premises upon the expiration of this lease and the renewal thereof, said renewal period ending at midnight of the 30th of April, 1946."

(x) On March 8, 1946, the said Real Estate Department of the Firestone Company wrote to the attorneys for Messrs. Kline and Pearl as follows:

"We have your letter of February 28 wherein you advise that our Lessor expects and demands that we vacate the demised premises upon the expiration of our lease.

"We must insist that the Lessor comply with Section 25 of our lease and extend to us a first renewal option to renew our lease upon the same terms and conditions as contained in any acceptable bona fide offer which he may have received. We have ten days after receipt from Lessor of written notice of such offer (with complete details) within which time to exercise said option. The landlord has failed to give us such notice, and since we understand he has received an acceptable bona fide offer we intend to insist upon our rights under the lease."

(y) That under date of April 12, 1946, Messrs. Dent & Ward, the attorneys here of record for the Firestone Company, wrote to the defendants, Kline and Pearl, as follows:

"We are writing you as attorneys for the Firestone Tire & Rubber Company, lessees of that certain building in the City of Vicksburg known as 1412 Washington Street owned by Henry Kline and Bernard Pearl. On behalf of our client, we request that you give us all of the terms and conditions as contained in any acceptable bona fide offer you may have received for a new lease on said building. This request is made in accordance with the rights the Firestone Tire & Rubber Company acquired in said Lease in accordance with Paragraph 25 thereof which is as follows:

" 'First Refusal To Re-Lease. During Lessee's tenancy under this lease, or its renewal or extension, Lessee shall have first refusal option to renew this lease upon the same terms and conditions as contained in

any acceptable bona fide offer Lessor may receive. Lessee shall have ten days after receipt from Lessor of written notice of such offer (with complete details) within which time to exercise said option.'

"We must insist that you give us the requested information immediately so that we may transmit this offer to our client for their acceptance or rejection in accordance with their rights contained in said contract."

(z) That the defendant, Fried, heard nothing from the Firestone Company following receipt of its letter confirming the sub-lease from him, which letter was dated January 26, 1946, until he requested payment of the rent due following May 1, 1946 which request was made of Mr. Wright, the Manager of said Firestone Company in Vicksburg, at which time Mr. Wright seemed to be under the impression that the rental would be forthcoming; and thereafter the defendant, Fried, heard nothing until he was on May 10, 1946, actually served with summons herein dated May 4, 1946.